STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, V. ROGER L. HARRIS, RESPONDENT.

677 N.W.2d 145

Filed April 9, 2004. No. S-04-038.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Roger L. Harris, was admitted to the practice of law in the State of Nebraska on September 18, 1981, and at all times relevant hereto was engaged in the private practice of law in Beatrice, Nebraska. On January 9, 2004, formal charges were filed against respondent. The formal charges set forth two counts, including charges that the respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule); DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); DR 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law); and Canon 6, DR 6-101(A)(3) (neglecting legal matter), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997).

On March 10, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly did not challenge or contest the truth of the allegations that he violated DR 1-102(A)(1), (5), and (6), and DR 6-101(A)(3), as well as his oath of office as an attorney, and waived all proceedings against him in connection therewith in exchange for a 30-day suspension of his license to practice law. Upon due consideration, the court approves the conditional admission and orders that respondent be suspended from the practice of law in the State of Nebraska for 30 days.

## FACTS

In summary, the formal charges allege that during the course of his representation of one client, respondent neglected to act to protect the client's interests in certain court and administrative proceedings. The formal charges further allege that as to a second client, respondent delayed in handling a legal matter for that client. Finally, the formal charges allege that respondent failed to respond fully to inquiries from the Counsel for Discipline's office regarding his handling of these clients' legal matters.

The conditional admission filed by respondent includes a "Declaration of the Counsel for Discipline." The declaration states in part that "respondent's misconduct as stipulated to herein, arose, in part, from his depression and not the intentional disregard or indifference of his clients' interests. [As a result of treatment, r]espondent's requested 30-day suspension of his license to practice law is appropriate under the facts of this case."

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval

by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly does not challenge or contest the essential relevant facts outlined in the formal charges and knowingly does not challenge or contest that he violated DR 1-102(A)(1), (5), and (6), and DR 6-101(A)(3), as well as his oath of office as an attorney. We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1), (5), and (6), and DR 6-101(A)(3), as well as his oath of office as an attorney, and that respondent should be and hereby is suspended for a period of 30 days, effective immediately, after which time respondent may apply for reinstatement. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF SUSPENSION.